IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WHITE, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES MCGRADY, et al., | : | NO. 08-3287 |
|     Defendants. | : | |

**O R D E R**

**AND NOW**, this 27th day of March, 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, Petitioner's Memorandum of Law in Support, and the Response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells dated January 21, 2009 and Petitioner James White's Objection thereto, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** as to every section except for a portion of Section II.C.2.b.;[1]

---

[1] The Court adopts the Report and Recommendation's reasoning and conclusions in Section II.C.2.b. regarding Petitioner's "actual innocence" argument. However, the Petitioner raises an objection to the Report and Recommendation's reasoning as to equitable tolling based on alleged deception by the District Attorney; namely, he contests the Report and Recommendation's statement that his sentence began to run in November 1989. Petitioner submitted a report with his objection indicating that his sentence began on September 13, 1993 and that he received no pre-sentence confinement credit. See Objection to Report and Recommendation, Ex. A (Docket No. 25). Assuming that Petitioner's assertions are true, then Petitioner's 15-year clock would have run on September 13, 2008, not in November 2004 as the Report and Recommendation suggests.
    Even accepting this as true, however, Petitioner is still not entitled to equitable tolling. Petitioner admits that he discovered the alleged deception regarding his prospects for commutation as early as December 2005, see Objection to Report and Recommendation, Ex. B at 2 (Docket No. 25), and he certainly must have discovered it by April 2006, when he filed his untimely PCRA petition on similar grounds. Thus, regardless of whether it would have been reasonable for Petitioner to suffer under a misconception regarding his potential for commutation for 15 years, the facts as alleged by the Petitioner demonstrate that he actually discovered that

2. The Petition for Writ of Habeas Corpus is **DENIED** without prejudice and **DISMISSED** without an evidentiary hearing; and

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

---

deception more than 2 years before he filed this action and yet failed to file for relief.  His pursuit of relief in the state courts is no excuse; faced with a situation in which the timeliness of a state petition is unclear, a petitioner may avoid the risk of running out of time in federal court by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.  See Brown v. Klem, No. Civ. A. 05-824, 2006 WL 263607, at *7 (E.D. Pa. Feb. 1, 2006) (rejecting petitioner's argument that he was trapped by his obligation to exhaust administrative remedies, and holding that even if he was reasonably diligent up until the time he filed his untimely state court petition, he was not entitled to equitable tolling beyond the time when he claimed to have actually discovered the facts underlying his claims because he could have filed a "protective" petition in federal court while his state court petition was pending; citing Rhines v. Weber, 544 U.S. 269 (2005)).  See also Tyler v. Palakovich, No. Civ. 3:CV-04-0510, 2006 WL 485306, at *6 (M.D. Pa. Feb. 28, 2006) ("The fact that [pro se petitioner] may have believed that he needed to exhaust state court remedies on his 'newly discovered evidence' claim before filing a federal habeas petition does not serve as a basis for equitable tolling.")  Petitioner James White did not do so here, and thus his petition is untimely.